■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DANIEL, Appellant. [625 NYS2d 150] —Judgment, Supreme Court, Bronx County (Joseph Mazur, J.), rendered May 7, 1993, convicting defendant, after a jury trial, of rape in the first degree under indictment No. 8295/91, and, upon his plea of guilty, of rape in the first degree under indictment No. 8659/91, and sentencing him, as a persistent violent felony offender, to concurrent terms of 10 years to life imprisonment, unanimously affirmed.

Defendant's claim that the prosecutor's summation deprived him of a fair trial is not preserved for appellate review as a matter of law, and we decline to review it in the interest of justice. In any event, if we were to review it, we would find that, while the prosecutor vouched for the credibility of the victim on one occasion and in some instances arguably exceeded the bounds of fair comment, upon consideration of the entire record, defendant was not deprived of a fair trial *(see, People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837). Defendant's other claim that the court should not have accepted his

plea because his allocution raised a possible defense to the crime charged is also unpreserved for appellate review as a matter of law, defendant not having moved to withdraw the plea or vacate the judgment, and we decline to review it in the interest of justice. In any event, if we were to review it, we would find that defendant's equivocal statement regarding an agreement he had with the victim did not trigger a duty on the part of the court to inquire further, which the court in any event did. Concur—Sullivan, J. P., Rosenberger, Ellerin, Ross and Williams, JJ.